IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CR103 |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES ALLEN KAPPLER JR., | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| Defendants. | ) | |
| | ) | |

Defendant has moved to suppress (filing 55) a videotape and any other evidence obtained by a private investigator.  For the reasons explained below, the undersigned recommends to Chief United States District Judge Laurie Smith Camp that Defendant's motion be denied.

## BACKGROUND

The Indictment alleges that Defendant defrauded two family members (the "victims") by devising a scheme in which he told his victims that he was suffering from MRSA, a contagious staph bacteria, and that he was part of a study for MRSA patients financed by Pfizer Pharmaceutical, Inc.  Defendant allegedly informed the victims that he was responsible for paying for his medications and treatments, but that Pfizer was going to pay him approximately $7,000,000 when he recovered.  As a result of these representations, the victims purportedly began wiring Defendant money.

When other family members became suspicious of Defendant, they contacted an attorney.  The attorney hired private investigator Paul Sheckler ("Sheckler") to look into Defendant's MRSA claim.  Sheckler went to Defendant's residence in Topeka, Kansas on March 16, 2012.  Sheckler, while standing outside Defendant's residence, asked him several questions about the MRSA claim and the money that his family had wired to him.  Sheckler videotaped his conversation with Defendant without Defendant's knowledge.

On April 18, 2013, the victims' attorney referred this matter to the Kansas Bureau of Investigation.  At or around that time, the matter was also reported to the Valley, Nebraska Police Department who contacted the United States Secret Service Agency.  The Indictment in this case was filed on March 20, 2014.

Defendant asks that the Court suppress the videotape and any other evidence obtained by Sheckler.  As grounds for his motion, Defendant argues that Sheckler violated Kansas law and federal wiretapping laws by secretly recording his meeting with Defendant while conducting unlicensed private detective activities in Kansas.

## DISCUSSION

Defendant contends that Sheckler violated federal wiretapping laws by secreting recording him.  Under 18 U.S.C. § 2511, the interception and disclosure of wire, oral or electronic communications is prohibited.[1]  However, a well-known exception to this prohibition is contained in 18 U.S.C. § 2511(2)(d), which provides:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception *unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State*.

18 U.S.C. § 2511(2)(d) (emphasis added).  Defendant argues that the exception found in Section 2511(2)(d) is inapplicable because Sheckler violated Kan. Stat. Ann. § 75-7b02 by recording their conversation while performing unlicensed private investigating services.

Defendant's motion to suppress should be denied.  For purposes of this Order, it is assumed that Sheckler unlawfully performed private investigating services in Kansas.  However, Defendant has not alleged that Sheckler actually made the recording for purposes

---

[1] If Defendant establishes a violation of Section 2511, any intercepted communications are inadmissible at trial pursuant to 18 U.S.C. § 2515.

of furthering an unlawful act or scheme.  In other words, Defendant has not alleged that Sheckler's purpose or intent in making the recording was to violate Kansas law.  Rather, it appears that the purpose of the recording was to get an accurate record of Defendant's statements.  Tellingly, the recording was made over a year before Defendant's purported activities were referred to law enforcement.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Judge Laurie Smith Camp that Defendant's Motion to Suppress (filing 55) be denied.

The parties are notified that failing to timely object to this Findings and Recommendation as provided in the local rules of this Court may constitute a waiver of any objection.

**DATED October 21, 2014.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**

3