# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ALLEN KAPPLER, JR.,<br><br>Defendant. | CASE NO. 8:14CR103<br><br>AMENDED<br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Findings and Recommendation (the "F&R") (Filing No. 62) issued by Magistrate Judge F.A. Gossett recommending that the Motion to Suppress (Filing No. 55) filed by Defendant James Allen Kappler, Jr. ("Kappler") be denied. Kappler filed Objections to the F&R (Filing No. 63), and a supporting brief (Filing No. 64) as allowed by 28 U.S.C. § 636(b)(1) and NECrimR 59.2(a). The government did not respond to Kappler's objections. For the reasons stated below, Kappler's objections to the F&R are overruled, the F&R is adopted, and Kappler's Motion to Suppress will be denied.

## FACTUAL BACKGROUND

The Indictment (Filing No. 1) charges Kappler and Defendant Alicia Weir with three counts of executing a scheme of wire fraud. The Indictment alleges that Kappler represented to family members that he was diagnosed with MRSA, a contagious staph bacteria, and that he was a participant in a study for MRSA patients conducted by Pfizer Pharmaceutical, Inc. ("Pfizer"). According to the Indictment, Kappler told family members that if he paid for his own medication and treatments, Pfizer would pay him

approximately $7,000,000 when he recovered. Family members wired money to Kappler relying upon these representations.

Other family members became suspicious of Kappler and contacted an attorney. As part of the attorney's investigation, the attorney hired a private investigator, Paul Sheckler ("Sheckler"). On March 16, 2012, Sheckler went to Kappler's residence in Topeka, Kansas, to investigate. While at Kappler's residence, Sheckler asked Kappler several questions about MRSA and the money his family members had wired to him. Sheckler videotaped his conversation with Kappler without Kappler's knowledge.

The family members' attorney referred this matter to the Kansas Bureau of Investigation on April 18, 2013. The matter was also reported to the Valley, Nebraska, Police Department who reported the matter to the United States Secret Service Agency. Kappler seeks to suppress Sheckler's video recording and any other evidence Sheckler obtained. Kappler argues that Sheckler was not licensed to conduct private detective activities in Kansas. As a result, Kappler argues, Sheckler violated Kansas Law and federal wiretapping laws when he secretly recorded his conversation with Kappler.

The F&R concluded that even if Sheckler unlawfully conducted private investigation activities in Kansas, Kappler failed to allege that Sheckler made the recording for purposes of furthering an unlawful act or scheme. Accordingly, the F&R recommends that the Motion to Suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendants have objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate

Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

The interception and disclosure of wire, oral, or electronic communications is prohibited by 18 U.S.C. § 2511, and any intercepted communications are inadmissible at trial under 18 U.S.C. § 2515. The applicable exception to this rule states:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception *unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.*

18 U.S.C.A. § 2511(2)(d) (emphasis added).

Kappler argues that the exception is not applicable to this case because Sheckler's video recording was made for the purpose of unlawfully conducting private investigator activities in Kansas. Judge Gossett concluded that Kappler's arguments were inapposite, because he failed to allege that Sheckler's purpose or intent in making the recording was to further an unlawful act or scheme. This Court concludes that Sheckler's violation of Kansas law did not render the exception in § 2511(2)(d) inapplicable, and that Kappler is not entitled to an evidentiary hearing.

## I.   Sheckler's Purpose

Kappler has not alleged that Sheckler made the recording for a tortious or criminal purpose. Section 2511(2)(d) requires "the exclusion of an intercepted communication if it was intercepted for any criminal, tortious or other injurious purpose." *United States v. Phillips*, 540 F.2d 319, 326 (8th Cir. 1976). The defendant carries "the

3

ultimate burden of alleging and proving the specific criminal, tortious, or other injurious purpose for which the interception was made." *Id.* In order to meet his burden of showing § 2511(2)(d) prevents disclosure of Sheckler's video recording, Kappler must show "either (1) that the primary motivation, or (2) that a determinative factor in the actor's motivation for intercepting the conversation was to commit a criminal, tortious, or other injurious act." *United States v. Dale*, 991 F.2d 819, 841 (D.C. Cir. 1993) (quoting *United States v. Vest,* 639 F.Supp. 899, 904 (D.Mass.1986), *aff'd,* 813 F.2d 477 (1st Cir.1987)).

The legislative history demonstrates that § 2511(d)(2) is designed to prohibit one-party consent recordings where the intent is to injure another party, including through blackmail, threats, or public embarrassment. 114 Cong.Rec. 14694 (May 28, 1968). Judge Gossett opined that the reason for the recording appeared to be obtaining an accurate record of Kappler's statements. (Filing No. 62 at 3.) Courts have held that such recordings are proper.  *United States v. Dale*, 991 F.2d 819, 841 (D.C. Cir. 1993) (holding that "[t]aping phone calls to make an accurate record of a conversation 'in order to prevent future distortions by a participant' is not illegal.") (quoting *United States v. Underhill*, 813 F.2d 105, 110 (6th Cir.1987)). The legislative history to § 2511(2)(d) explained:

> The provision would not, however, prohibit such activity when the party records information of criminal activity by the other party with the purpose of taking such information to the police as evidence. Nor does it prohibit such recording in other situations when the party acts out of legitimate desire to protect himself and his own conversations from later distortions or other unlawful or injurious uses by the other party.

114 Cong.Rec. at 14694.

4

The parties do not dispute that Sheckler's recording was not made by a person acting under color of law when he recorded his conversation with Kappler. Kappler argues, however, that Sheckler's principal purpose was not to make an accurate record, but to conduct an unlawful private investigation in Kansas. In other words, Kappler argues that even if the recording was otherwise permissible, it was made impermissible because Sheckler's recording violated Kansas law.

Courts addressing this issue have concluded that state law does not constrict the exception stated in § 2511(d)(2). In *United States v. Morrison*, 153 F.3d 34, 57 (2d Cir. 1998), the Second Circuit held that recorded conversations were admissible because they were not made under the color of law. The court explained that because a recording was lawful under federal law, it was admissible in a federal prosecution "without regard to whether it was made in violation of [state] law." *Id.* Similarly, in *United States v. Horton*, 601 F.2d 319, 323 (7th Cir. 1979), the Seventh Circuit held that if a recording was otherwise lawful under § 2511(2)(d), a more restrictive state law would not affect the admissibility of such evidence in federal court. *Id.* Also persuasive is the decision of the United States Navy-Marine Corps Court of Criminal Appeals in *United States v. Toy*, 60 M.J. 598, 605 (N-M. Ct. Crim. App. 2004). In *Toy*, the court held that under § 2511(d)(2), a video and audio recording made by the defendant's wife was admissible even where the wife violated a Hawaii criminal statute by installing a recording device in their home without the defendant's consent. *Id.* The court reasoned that there was no evidence the wife acted with a criminal or tortious purpose over and above the violation of Hawaii criminal law. *Id.*

The cases cited demonstrate that a more restrictive state law does not affect the admissibility of a recording lawfully obtained by a person not acting under the color of law. As stated by Judge Gossett, Kappler has not alleged that Sheckler acted with a criminal or tortious purpose over and above the alleged violation of Kansas law. Kappler relies exclusively on Sheckler's alleged violation of Kansas law to establish an unlawful purpose under § 2511(d)(2). Based upon case law, the legislative history, and the plain language of the statute, the Court concludes that this allegation is legally insufficient. Accordingly, Kappler has failed to meet his burden and his Motion will be denied.

## II.     Necessity of an Evidentiary Hearing

Kappler argues that Judge Gossett erred by failing to hold an evidentiary hearing with respect to his Motion to Suppress. Kappler cites the Eighth Circuit in *Phillips* which stated that "a party seeking to suppress such matter must be given a full and fair opportunity to meet his or her burden of proof." *Phillips*, 540 F.2d at 326. The court ordered the trial court on remand to "require the government to call the parties responsible for the interception and to establish a legal purpose for the interception." *Id.* at 326 n. 3. In *Phillips*, the motion to suppress the recordings at issue was not raised until the eve of trial, and was summarily denied at the conference before trial. *Id.* at 327.

In this case, Kappler has not been denied a full and fair opportunity to meet his burden. The question of whether Kansas law renders Sheckler's recordings inadmissible is a legal one. While the Motion was pending, Judge Gossett entered an order requesting the parties to address the legal effect of Sheckler being unlicensed as a private detective in Kansas. As Judge Gossett noted, Kappler failed to allege any tortious or criminal purpose to the recordings, other than Sheckler's unlicensed status.

6

Because Kappler's arguments present solely questions of law, an evidentiary hearing was unnecessary to address those arguments.

## CONCLUSION

For the reasons stated above, Kappler has failed to demonstrate that Sheckler recorded his conversation with Kappler for the purpose of committing any criminal or tortious act. Accordingly,

IT IS ORDERED:

1.   The Findings and Recommendation (Filing No. 62) issued by Magistrate Judge F.A. Gossett are adopted in their entirety;

2.   The Objections to the Findings and Recommendation (Filing No. 63), filed by Defendant James Allen Kappler, Jr. are overruled; and

3.   The Motion to Suppress (Filing No. 55) filed by Defendant James Allen Kappler, Jr. is denied.

Dated this 8th day of December, 2014

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge